CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 2 2005

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RALPH A. SCEARCE, #311869,<br>　　Petitioner, | )<br>)<br>) Civil Action No. 7:05-CV-00292<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| CAROL WALLACE, WARDEN,<br>　　Respondent. | ) By: Hon. Glen E. Conrad<br>) United States District Judge |

　　Petitioner Ralph A. Scearce, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Scearce alleges prosecutorial misconduct, ineffective assistance of counsel, and other constitutional errors relating to his 1999 convictions. Scearce includes with his petition an explanation for why he feels that his petition is timely. However, because it is clear that Scearce's petition is not timely, this court must file and dismiss Scearce's petition, pursuant to 28 U.S.C. § 2244(d)(1).

　　Pursuant to 28 U.S.C. § 2244(d)(1), a petitioner has one year to file a federal habeas corpus petition that seeks to challenge a state court conviction. Generally, this limitation period begins when the state conviction becomes final at the conclusion of direct appeals. See 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is tolled during collateral review of a conviction. See 28 U.S.C. § 2244(d)(2).

　　On June 25, 1999, Scearce pled in the Circuit Court of Pittsylvania County guilty to forty-five counts relating to the passing of forged checks. On August 25, 1999, the court sentenced Scearce to one year on each count, with thirty years suspended, for a total of fifteen year in prison. Scearce did not appeal his conviction.

　　On September 4, 2002, the court suspended an additional five years from Scearce's sentence, pursuant to a post-trial motion. Scearce appealed the resentencing to the Court of

Appeals of Virginia on October 3, 2002. The Court of Appeals denied the appeal on December 29, 2003. Scearce did not appeal to the Supreme Court of Virginia. On September 7, 2004, Scearce filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. The Supreme Court denied this petition on April 6, 2005. Scearce signed the instant petition on April 29, 2005.

Scearce argues that the court continued Scearce's sentencing for four [sic] years between August 25, 1999 and September 4, 2002. Scearce claims that as a result, his conviction did not become final until after the Court of Appeals denied Scearce's appeal in December 2003. However, Scearce's argument is without merit. The August 25, 1999 sentencing order makes clear that Scearce has been sentenced and convicted and has the right to file an appeal. The September 4, 2002 proceeding was held pursuant to a post-conviction motion for resentencing and does not restart the limitation period under 28 U.S.C. § 2244(d)(1).

Scearce's own arguments indicate that he knows that his conviction became final after sentencing in August 1999. Scearce claims that defense counsel was ineffective for failing to appeal Scearce's conviction. The September 2002 resentencing was appealed, it was the original sentencing that was not appealed. If sentencing was merely continued for three years, then counsel could not have been ineffective for failing to note an appeal to the original sentence because it was not yet final.

It is clear from the information presented in the petition that Scearce's conviction became final on September 25, 1999, thirty days after the court sentenced Scearce. See Va. Sup. Ct. R. 5:9(a). The one-year limitation period expired September 24, 2000. See 28 U.S.C. § 2244(d)(1). Because Scearce did not file his federal habeas petition in this court until four-and-a-half years

2

Case 7:05-cv-00292-GEC-mfu   Document 2   Filed 05/12/05   Page 2 of 3   Pageid#: 22

after the limitation period expired, the court must dismiss Scearce's petition as untimely, pursuant to 28 U.S.C. § 2244(d)(1). An appropriate order will be entered this day.

**ENTER**: This 11th day of May, 2005

                                                                                                                                     */s/ Judge's Signature*
                                                                                         UNITED STATES DISTRICT JUDGE